**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| CITY OF MIAMI FIRE FIGHTERS' AND POLICE OFFICERS' RETIREMENT TRUST, individually and on behalf of all others similarly situated,<br><br>                             Plaintiffs,<br><br>      vs.<br><br>PRIMO BRANDS CORPORATION, ROBBERT RIETBROEK, DAVID HASS, JASON AUSHER, C. DEAN METROPOULOS, KURTIS BARKER, BRITTA BOMHARD, SUSAN E. CATES, MICHAEL J. CRAMER, ERIC J. FOSS, JERRY FOWDEN, TONY W. LEE, BILLY D. PRIM, KIMBERLY REED, JOSEPH ROSENBERG, ALLISON SPECTOR, STEVEN P. STANBROOK, MORGAN STANLEY & CO. LLC, BOFA SECURITIES, INC., J.P. MORGAN SECURITIES LLC, RBC CAPITAL MARKETS, LLC, BARCLAYS CAPITAL INC., BMO CAPITAL MARKETS CORP., DEUTSCHE BANK SECURITIES INC., JEFFERIES LLC, GOLDMAN SACHS & CO. LLC, MIZUHO SECURITIES USA LLC, TD SECURITIES (USA) LLC,<br><br>[Caption continued on next page] | Case No. 8:25-cv-03328-JLB-AAS<br><br>**MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOVANT HAMPTON ROADS SHIPPING ASSOCIATION – INTERNATIONAL LONGSHOREMEN'S ASSOCIATION TO: (1) APPOINT LEAD PLAINTIFF; AND (2) APPROVE SELECTION OF COUNSEL**<br><br>CLASS ACTION |

1

TRUIST SECURITIES, INC.,
WILLIAM BLAIR & COMPANY,
L.L.C., DREXEL HAMILTON, LLC,
LOOP CAPITAL MARKETS LLC,
and TRITON WATER PARENT
HOLDINGS, LP,

Defendants.

## MOTION

Hampton Roads Shipping Association – International Longshoremen's Association ("Movant" or "HRSA-ILA"), pursuant to the Securities Act of 1933 (the "Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), hereby moves this honorable Court on a date and at such time as may be designated by the Court, for an Order: (1) appointing Movant as Lead Plaintiff; and (2) approving the Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel; and (3) granting such other and further relief the Court may deem just and proper.

In support of this Motion, Movant submits herewith a Memorandum of Law and the Declaration of Laurence Rosen, dated January 12, 2026.

## Local Rule 3.01(g) Certification

Local Rule 3.01(g) requires a conference of counsel prior to filing many motions. Due to the lead plaintiff procedure of the PSLRA, however, Movant does not yet know which other entities or persons may move for appointment as lead plaintiff or oppose Movant's motion as lead plaintiff until after all movants have filed their respective motions. Under these circumstances,

Movant respectfully requests that the conferral requirement of Local Rule 3.01(g) be waived.

## MEMORANDUM OF LAW

Hampton Roads Shipping Association – International Longshoremen's Association ("Movant" or "HRSA-ILA"), respectfully submits this memorandum of law in support of his motion for an Order, pursuant to the Securities Act of 1933 (the "Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1)    appointing Movant as Lead Plaintiff for the class of: (a) all persons and entities that purchased the common stock of Primo Brands Corporation ("Primo Brands" or the "Company") pursuant, or traceable, or both, to the secondary public offering (the "SPO") materials in connection with Primo Brands' March 2025 SPO; and (b) all persons who purchased or otherwise acquired: (i) the common stock of Primo Water Corporation ("Primo Water") between June 17, 2024 through November 8, 2024, inclusive, and/or (ii) the common stock of Primo Brands between November 11, 2024 through November 6, 2025, inclusive (the "Class Period"); and

(2)     approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

On November 12, 2025, the first substantially similar action was filed in the United States District Court for the District of Connecticut, styled as *Rosenblum v. Primo Brands Corporation, et al.*, case no. 3:25-cv-01902-VAB (D. Conn.), against the Company, David Hass, C. Dean Metropoulos, and Robbert Rietbroek for violations under the Exchange Act covering the same Class Period (the "*Rosenblum* Action").[1] On November 12, 2025, an early notice pursuant to the PSLRA advising class members of, among other things, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff was issued. *See* Declaration of Laurence M. Rosen ("Rosen Decl."), Ex. 1, filed herewith.

This action, captioned as *City of Miami Fire Fighters' and Police Officers' Retirement Trust v. Primo Brands Corporation*, case no. 8:25-cv-03328-JLB-AAS, was commenced on December 5, 2025, which includes

---

[1] On January 7, 2026, the plaintiff in the *Rosenblum* Action filed a notice of voluntary dismissal without prejudice. *Rosenblum* Action, Dkt. No. 10. The *Rosenblum* Action is now closed. *Rosenblum* Action, Dkt. No. 11.

claims under the Securities Act from the SPO and includes several additional defendants including several current and former officers and directors of the Company, underwriters for the SPO, and Triton Water Parent Holdings, LP as the Selling Stockholder Defendant.

Primo Brands is a North American branded beverage distribution company with a portfolio of brands like Poland Spring, Pure Life, Saratoga, and Mountain Valley. In 2021, before the formation of Primo Brands, One Rock Capital Partners, LLC acquired Nestlé Waters North America and rebranded the company as BlueTriton. At this time, Primo Water described itself as a "water solutions company," while BlueTriton purported to possess a portfolio of national and regional water brands. BlueTriton also operated its ReadyRefresh direct delivery business.

On June 17, 2024, Primo Water issued a press release announcing the Merger between itself and BlueTriton to form Primo Brands in an all-stock Transaction. At the closing of the Merger, Primo Water and BlueTriton shareholders would exchange their shares for shares of the new U.S. holding company, Primo Brands. After the exchange, Primo Water shareholders (including incentive equity holders) would own 43% of the fully diluted Primo Brands shares, and BlueTriton shareholders would own the remaining 57%.

The Merger closed on November 8, 2024, and Primo Brands began trading on the New York Stock Exchange under the ticker symbol "PRMB" on November 11, 2024.

The complaint alleges that throughout the Class Period and in the SPO materials, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) from the outset of the Merger, Primo Brands' direct delivery business, including ReadyRefresh, experienced serious operational disruptions that the prevented the Company from executing the most basic operational tasks; (2) Primo Brands experienced significant, ongoing, self-inflicted execution challenges integrating Primo Water and BlueTriton; (3) the disruptions in the direct delivery business and execution challenges imperiled Primo Brands' integration plan; (4) in turn, Primo Brands was unable to effectively serve its customers, particularly in its direct delivery business; (5) due to the foregoing, Primo Brands' business and operations were negatively impacted; and (6) as a result of the above, Defendants' positive statements about the Company's

business, operations, and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times.

Then on August 7, 2025, before the market opened, Primo Brands reported revenue of $1.730 billion and adjusted diluted earnings per share ("EPS") of $0.36 for the second quarter of 2025, both of which fell short of analysts' estimates. Primo Brands also reduced both its full year 2025 net sales growth guidance to 0% to 1% (from 3% to 5%) and full year 2025 adjusted earnings before interest, taxes, depreciation, and amortization ("EBITDA") guidance to $1.485 billion to $1.515 billion (from $1.6 billion to $1.628). Rietbroek attributed the poor second quarter results to, among other factors, "service issues during the accelerated integration process" and disclosed that the guidance reductions were "[d]ue to these integration disruptions during the later part of Q2, and our reinvestment to correct the issues." On this news, Primo Brands stock fell $2.41 per share, or about 9%, to close at $24.00 per share on August 7, 2025.

Then on November 6, 2025, before the market opened, Primo Brands disclosed that it was again reducing its full year 2025 sales growth and adjusted EBITDA guidance, as the Company now expected a "net sales decline in the low single digits versus the prior year" and adjusted EBITDA

of "approximately $1.45 billion" at the midpoint. On the same day, Primo Brands revealed that Rietbroek had been replaced as Primo Brands CEO by Eric Foss. During the corresponding earnings call, Foss described the direct delivery disruptions to be "self-inflicted," with "the ultimate output" being "customer service issues." On this news, Primo Brands stock fell $4.96 per share, or more than 21%, to close at $17.70 per share on November 6, 2025.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

## I.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA set forth procedures for the selection of Lead Plaintiff in class actions brought under the Act. The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group…" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii); 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Sherleigh Associates, LLC v. Windmere-Durable Holdings, Inc.*, 184 F.R.D. 688, 693 (S.D. Fla. 1999).

As set forth below, Movant satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the class and, therefore, should be appointed Lead Plaintiff.

### A.    MOVANT IS WILLING TO SERVE AS CLASS REPRESENTATIVE

Movant has filed herewith a PSLRA certification attesting that Movant is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B.    MOVANT HAS THE LARGEST FINANCIAL INTEREST IN THE ACTION

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person … that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii); 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Edward J. Goodman Life Income Tr. v. Jabil*

10

*Circuit, Inc.*, 2007 WL 170556, at \*3 (M.D. Fla. Jan. 18, 2007). In determining the movant with the largest financial interest, Courts have employed the *Olsten/Lax* analysis: (1) the number of shares purchased during the class period; (2) the net number of shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate loss suffered during the class period. *In re Comverse Technology, Inc. Secs. Litig.*, 2007 WL 680779 \* 3 (E.D.N.Y. Mar. 2, 2007) (*citing Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036 \* 5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Secs. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998).

Of the *Lax/Olsten*-styled factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 \* 4 (N.D. Ill. Mar. 15, 2005).

Movant lost approximately $419,003 in connection with its purchases of Primo Brands securities. *See* Rosen Decl. Ex. 3. Accordingly, Movant

11

satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

## C.   MOVANT SATISFIES THE REQUIREMENTS OF RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that the movants satisfy the requirements of Rule 23 is sufficient. *In Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008) (only a *prima facie* showing is required) (citations omitted). Moreover, "typicality and adequacy

of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

### 1. Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the federal securities laws by the dissemination of materially false and misleading information to the investing public and the omission of material information. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2. Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims

of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between Movant's claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in Primo Brands securities and is therefore, extremely motivated to pursue claims in this action.

### D.      Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. 77z-1(a)(3)(B)(iii); 15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore subject to rebuttal. Movant has suffered substantial financial losses

and has the largest financial interest in this case of any timely lead plaintiff. The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against him that would render Movant inadequate to represent the Class.

Thus, the close alignment of interests between Movant and other class members, as well as his strong desire to prosecute this action on behalf of the class, provides ample reason to grant Movant's motion to serve as Lead Plaintiff.

Further, HRSA-ILA is the prototypical lead plaintiff sought by the PSLRA as an institutional investor. As courts routinely recognize, " Congress sought to encourage to assume a more prominent role in securities litigation with the enactment of the PSLRA's lead plaintiff provisions, as "[i]nstitutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake." *In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001) (*quoting* H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 733); *see, e.g., Sved v. Matrixx Initiatives, Inc.*, 2005 WL 8158448, at *2 (D. Ariz. Jan. 18, 2005) (institutional investor chosen as lead plaintiff due to the "greater resources

and litigation experience possessed by institutional investors that make them better equipped to serve as lead plaintiff in securities class actions"); *In re AudioEye, Inc. Sec. Litig*, 2015 WL 13654027, at *5 (D. Ariz. Aug. 3, 2015); *Vanamringe v. Royal Group Techs. Ltd.*, 237 F.R.D. 55, 57 (S.D.N.Y. 2006).

## III.      MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 77z-1(a)(3)(B)(v); 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *Plumbers & Pipefitters Local 51 Pension Fund v. Darden Restaurants, Inc.,* 2008 WL 2608111, at *2 (M.D. Fla. July 1, 2008) (when a law firm has prosecuted securities class actions in the past successfully, courts will generally not interfere with a lead plaintiff movant's choice of counsel).

Movant has selected Rosen Law as Lead Counsel. Rosen Law has been actively researching the class plaintiffs' claims, reviewing financial and legal documents, seeking relevant data from third parties, and gathering other

information in support of the claims against the Defendants. Furthermore, Rosen Law is experienced in the area of securities litigation and class actions and has successfully prosecuted securities litigation and securities fraud class actions on behalf of investors in courts across the country. *See* Rosen Decl., Ex. 4.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) appointing Movant as Lead Plaintiff for the class; (2) approving Movant's selection of Rosen Law as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: January 12, 2026      Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
/s/Laurence M. Rosen
Laurence M. Rosen, Esq.,
Fla. Bar No. 0182877
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead
Plaintiff and Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 12, 2026, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

<u>/s/Laurence M. Rosen</u>
Laurence M. Rosen