EXHIBIT C

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORDIA

| | |
|---|---|
| CITY OF MIAMI FIRE FIGHTERS' AND POLICE OFFICERS' RETIREMENT TRUST, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>    vs.<br><br>PRIMO BRANDS CORPORATION, ROBBERT RIETBROEK, DAVID HASS, JASON AUSHER, C. DEAN METROPOULOS, KURTIS BARKER, BRITTA BOMHARD, SUSAN E. CATES, MICHAEL J. CRAMER, ERIC J. FOSS, JERRY FOWDEN, TONY W. LEE, BILLY D. PRIM, KIMBERLY REED, JOSEPH ROSENBERG, ALLISON SPECTOR, STEVEN P. STANBROOK, MORGAN STANLEY & CO. LLC, BOFA SECURITIES, INC., J.P. MORGAN SECURITIES LLC, RBC CAPITAL MARKETS, LLC, BARCLAYS CAPITAL INC., BMO CAPITAL MARKETS CORP., DEUTSCHE BANK SECURITIES INC., JEFFERIES LLC, GOLDMAN SACHS & CO. LLC, MIZUHO SECURITIES USA LLC, TD SECURITIES (USA) LLC, TRUIST SECURITIES, INC., WILLIAM BLAIR & COMPANY, L.L.C., DREXEL HAMILTON, LLC, LOOP CAPITAL MARKETS LLC, and TRITON WATER PARENT HOLDINGS, LP,<br><br>                Defendants. | Case No.: 8:25-cv-03328-JLB-AAS<br><br>**CLASS ACTION**<br><br>**JOINT DECLARATION IN SUPPORT OF THE FLORIDA SAFETY FUNDS' MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL** |

We, Dania Orta and Shannon Hicks, declare as follows:

1.      We respectfully submit this Joint Declaration in support of the motion of (1) City of Miami Fire Fighters' and Police Officers' Retirement Trust ("Miami FIPO"), and (2) the City of Orlando Firefighters' Pension Fund ("Orlando Firefighters") and the City of Orlando Police Officers' Pension Fund ("Orlando Police," and, together with Orlando Firefighters and Orlando Police, "Orlando," and collectively with Miami FIPO, the "Florida Safety Funds") for appointment as Lead Plaintiff and approval of their selection of Saxena White P.A. ("Saxena White") to serve as Lead Counsel in the securities class action litigation against Primo Brands Corporation ("Primo Brands") and certain of its senior executives, directors, underwriters, as well as a stockholder that sold Primo Brands shares in its March 2025 secondary public offering (the "SPO") (collectively, "Defendants").  We are aware that the action is brought on behalf of: (1) all persons or entities that purchased Primo Brands common stock pursuant, or traceable, or both to the registration statement and prospectus issued in connection with the SPO; and (2) all persons who purchased or otherwise acquired (i) the common stock of Primo Water Corporation between June 17, 2024 through November 8, 2024, inclusive, and/or (ii) the common stock of Primo Brands between November 11, 2024 through November 6, 2025, inclusive (the "Class Period").  We are informed of and understand the requirements and duties imposed by the Private Securities Litigation Reform Act of 1995 (the

1

"PSLRA"), including the selection and retention of counsel and overseeing the prosecution of this litigation. We each have personal knowledge of the information in this Joint Declaration to the extent it concerns the institution with which we are respectively associated.

2.     I, Dania Orta, am the Administrator of Miami FIPO and am authorized to make this declaration on Miami FIPO's behalf. Based in Miami, Florida, Miami FIPO provides pension and other benefits for current and retired city firefighters and police officers, and their beneficiaries. Miami FIPO manages more than $1.6 billion in assets for the benefit of approximately 4,100 active and retired participants and beneficiaries. As reflected in its certification, Miami FIPO incurred a substantial loss on its transactions in Primo Brands common stock during the Class Period, and pursuant, or traceable, or both, to the registration statement and prospectus issued in connection with the SPO.

3.     I, Shannon Hicks, am the Executive Director of both Orlando Police and Orlando Firefighters and am authorized to make this declaration on their behalf. Based in Orlando, Florida, Orlando Police and Orlando Firefighters are both defined-benefit public pension funds. Orlando Police manages approximately $800 million in assets for the benefit of approximately 1,700 active and retired participants and their beneficiaries. Orlando Firefighters manages approximately $500 million in assets for the benefit of approximately 1,000 active and retired participants and

2

their beneficiaries. As reflected in their certification, Orlando purchased Primo Water and Primo Brands common stock in a jointly held account and incurred a substantial loss on their transactions in the common stock of Primo Water and Primo Brands during the Class Period.

4. The Florida Safety Funds are all sophisticated institutional investors that understand, appreciate, and accept the duties and fiduciary responsibilities with which a lead plaintiff is charged under the PSLRA. Our familiarity with the PSLRA's requirements and in overseeing counsel in actions prosecuted on behalf of absent class members is informed by, among other things, our experience serving as lead plaintiff and/or co-lead plaintiff in securities fraud class actions. Specifically, the Florida Safety Funds are currently serving as lead plaintiff together with other pension funds, with Saxena White serving as co-lead counsel, in *Operating Engineers Construction Industry & Miscellaneous Pension Fund v. Neogen Corp.*, No. 25-cv-802 (W.D. Mich.).

5. Additionally, the Florida Safety Funds have extensive experience overseeing the prosecution of securities class actions and have achieved outstanding results for investors when serving as a lead plaintiff, co-lead plaintiff, or a class representative in such actions. For example, Miami FIPO served as lead plaintiff with another institutional investor in *In re Quality Systems, Inc. Securities Litigation*, No. 13-cv-1818 (C.D. Cal.) (securing $19 million recovery) and in *In re Penn West*

3

*Petroleum Ltd. Securities Litigation*, No. 14-cv-6046 (S.D.N.Y.) (achieving $19.8 million recovery).  Additionally, Miami FIPO is currently serving as lead counsel with two other institutional investors in *Louisiana Sheriffs' Pension & Relief Fund v. CVS Health Corp.*, No. 24-cv-5303 (S.D.N.Y.).  Orlando currently serves as lead plaintiff in *Prime v. Manhattan Associates, Inc.*, No. 25-cv-0992 (N.D. Ga.), and Orlando Police serves as lead plaintiff with four other institutional investors in *In re Vertiv Holdings Co. Securities Litigation*, No. 22-cv-3572 (S.D.N.Y.).

6.    The Florida Safety Funds are each highly motivated to recover the substantial losses that they (and the rest of the Class) incurred as a result of Defendants' violations of the federal securities laws.  Our primary goal in seeking to serve as Lead Plaintiff in this case is to achieve the best possible recovery for the Class from all culpable parties.  We are dedicated to maximizing the Class's recovery by ensuring this litigation is prosecuted in an efficient and cost-conscious manner and believe that we have put in place mechanisms to ensure effective decision-making and coordination and oversight of our chosen counsel.

7.    To ensure an optimal result for the Class, we believe that this case should be prosecuted by movants that are sophisticated institutional investors with significant resources, prior experience serving as fiduciaries and in selecting, hiring, and overseeing the activities of outside counsel in securities class action litigation

4

under the PSLRA, and a financial interest substantial enough to ensure the claims are litigated vigorously, efficiently, and in the best interests of the Class.

8.    The Florida Safety Funds each independently determined that they could maximize the Class's recovery by seeking appointment as Lead Plaintiff in this case based on (1) their comprehensive and complementary investments in Primo Water and Primo Brands common stock throughout the Class Period and pursuant, or traceable, or both to the registration statement and prospectus issued in connection with the SPO; (2) their ability to share and combine resources and their perspectives as fiduciaries to our respective members; (3) their shared goals and interests in protecting and maximizing institutional investor assets; and (4) their familiarity with one another given their joint oversight of the *Neogen* class action, as well as common fiduciary counsel.  The Florida Safety Funds also each independently determined that it would be in their and the Class's best interests to seek to jointly prosecute these important claims.  The decision to seek joint appointment as Lead Plaintiff was, in part, informed by the Florida Safety Funds' roles as fiduciaries, and their shared goals and interests in protecting and maximizing their assets and enhancing the reliability and transparency of information disseminated by publicly traded corporations.

9.    After analyzing the merits of the claims investigated and filed by Miami FIPO with Saxena White, the results of our counsel's investigations into the alleged

5

misconduct, and the respective losses incurred as a result of Defendants' alleged misconduct, and consulting with counsel, the Florida Safety Funds approved the filing of a motion for Lead Plaintiff appointment.

10.    The Florida Safety Funds agree that their partnership is well suited for this litigation and will further the interests of the Class.  Indeed, the Florida Safety Funds' prior experiences working together and with other institutional investors in actions pursuant to the PSLRA demonstrate that a cohesive group of sophisticated fiduciaries, informed by diverse perspectives, has a positive effect on the quality of the representation provided to class members, especially in complex actions such as this one.  The Florida Safety Funds understand that the PSLRA expressly allows for the appointment of lead plaintiff groups, and courts throughout the country, including in this District, endorse groups of sophisticated investors serving as lead plaintiff when they are able to effectively oversee counsel in an independent manner and demonstrate that they will vigorously prosecute the action in the best interests of the Class.  The Florida Safety Funds intend to prosecute the action against Defendants in such an independent, efficient, and vigorous manner.

11.    The Florida Safety Funds are aware of, among other things: the facts and the merits of the claims against Defendants; our losses arising from Defendants' violations of the federal securities laws; our strategy for the prosecution of this litigation; our shared desire to achieve the best possible result for the Class; our

experience overseeing counsel in actions pursuant to the PSLRA; and our shared interest in serving jointly as Lead Plaintiff in this case in order to, among other things, ensure that the Class's claims will be efficiently and zealously prosecuted through our oversight of our proposed Lead Counsel, Saxena White.

12. The Florida Safety Funds understand the importance of joint decision-making and maintaining open communication that will enable each of us to confer, with or without counsel, via telephone, video conference, and/or email on short notice to ensure that the Florida Safety Funds are able to make timely decisions. The Florida Safety Funds have exchanged direct contact information for each other so that we and our representatives can communicate with or without counsel. The Florida Safety Funds each have staff capable of overseeing this matter who are available to confer via telephone and/or email to ensure that our funds are able to make timely decisions.

13. From the Florida Safety Funds' experience serving as co-lead plaintiffs together in the *Neogen* action, as well as in other securities class actions, we are not aware of any instance of disagreement that could not be resolved through discussion and collaboration among the members of the group and/or counsel. The Florida Safety Funds are likeminded, sophisticated institutional investors aligned in our objective to work collaboratively to maximize the recovery of investors through this litigation. Based on our experience, and given our shared goal of achieving the best

possible recovery for the Class, we do not envision having any disagreement that could not be resolved through discussion with each other and our counsel. We recognize that even in the event of such a disagreement, the ultimate decision will necessarily be informed by consulting one another and our counsel.

14. We confirm our commitment to sharing our perspectives, experiences, and resources to direct this litigation, including to supervise our chosen counsel's prosecution of this action, pursuant to the PSLRA, to ensure that the action is prosecuted without unreasonable cost. We are confident in our ability to supervise our selected counsel and believe that the Class will benefit from having law firms experienced in litigating securities class actions successfully as Lead Counsel.

15. We are aware of the experience, resources, and success of our proposed Lead Counsel, Saxena White, and we are aware Saxena White is an accomplished law firm with a history of achieving significant monetary recoveries on behalf of injured investors. *See, e.g.*, *In re Wilmington Trust Sec. Litig.*, No. 10-cv-990 (D. Del.) ($210 million recovery, with Saxena White serving as co-lead counsel); *In re Rayonier Inc. Sec. Litig.*, No. 3:14-cv-1395 (M.D. Fla.) ($73 million recovery, with Saxena White serving as co-lead counsel). We fully believe that Saxena White will prosecute this action in a zealous and efficient manner as Lead Counsel under our supervision, to the benefit of the Class. Our decision to select Saxena White as our proposed Lead Counsel was also informed by our analysis of the claims against

8

Primo Brands and the evidence developed by Saxena White through its investigation into Defendants' alleged wrongdoing.

16.    In furtherance of our duties to the Class, the Florida Safety Funds have directed Saxena White to vigorously prosecute this action in a cost-effective and efficient manner while obtaining the best possible result for the Class. The Florida Safety Funds believe the experience and success of our proposed Lead Counsel in prosecuting securities class actions, combined with our oversight, will ensure that the Class receives the best possible representation in this case.

17.    The Florida Safety Funds have directed Saxena White to provide updates on all developments during the lead plaintiff motion process, and to continue their investigation of the Class's claims and provide updates on the status of the ongoing investigation. The Florida Safety Funds will continue to direct counsel and actively oversee the prosecution of this action for the benefit of the Class by, among other things, reviewing and authorizing the filing of pleadings and other important litigation documents, conferring together and with counsel, and attending court proceedings, depositions, settlement mediations, and hearings as needed. The Florida Safety Funds will confer together and with counsel as often and regularly as necessary to ensure responsible oversight and direction of counsel if the Florida Safety Funds are appointed Lead Plaintiff.

18.     In sum, we are committed to ensuring the Class receives the best possible outcome from this litigation.

**[REMAINDER INTENTIONALLY BLANK]**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this __12__ day of January, 2026.

*City of Miami Fire Fighters' and Police Officers' Retirement Trust*

Dania Orta, Administrator

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___ day of January, 2026.

*City of Orlando Firefighters' Pension Fund and City of Orlando Police Officers' Pension Fund*

*Shannon Hicks*

Shannon Hicks (Jan 12, 2026 15:21:08 EST)

Shannon Hicks, Executive Director