UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

| | | |
|---|---|---|
| CITY OF MIAMI FIRE FIGHTERS' AND POLICE OFFICERS' RETIREMENT TRUST, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) ) | No. 8:25-cv-03328-JLB-AAS<br><br>CLASS ACTION<br><br>MOTION AND INCORPORATED MEMORANDUM OF LAW FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| PRIMO BRANDS CORPORATION, et al., | ) ) ) | |
| Defendants. | ) ) | |

4916-2642-8294.v1

# TABLE OF CONTENTS

**Page**

MOTION.......................................................................................... 1

I.    INTRODUCTION ................................................................... 1

II.   FACTUAL BACKGROUND .................................................... 3

III.  ARGUMENT........................................................................... 6

      A.    The Funds and ERS Should Be Appointed Lead
             Plaintiff.................................................................................. 6

            1.    This Motion Is Timely ....................................... 7

            2.    The Funds and ERS Have the Largest Financial
                  Interest in the Relief Sought by the Class........................ 8

            3.    The Funds and ERS Otherwise Satisfy the Rule
                  23 Typicality and Adequacy Requirements..................... 8

      B.    The Court Should Approve the Funds and ERS
             Selection of Counsel ............................................................. 10

IV.  CONCLUSION ..................................................................... 12

4916-2642-8294.v1

# TABLE OF AUTHORITIES

**Page**

## CASES

*In re Cardinal Health, Inc. Sec. Litig.*,
No. 2:04-cv-00575-ALM (S.D. Ohio) ...................................................... 11

*In re Enron Corp. Sec.*, *Derivative & ERISA Litig.*,
586 F. Supp. 2d 732 (S.D. Tex. 2008) ...................................................... 11

*In re Enron Corp. Sec. Litig.*,
No. 4:01-cv-03624 (S.D. Tex.) ................................................................. 11

*In re HealthSouth Corp. Sec. Litig.*,
No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ............................................. 11

*In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*,
No. 1:01-cv-01451-REB-KLM (D. Colo.) ............................................... 11

*In re UnitedHealth Grp. Inc. Sec. Litig.*,
No. 0:06-cv-01691-JMR-FLN (D. Minn.) ............................................... 11

*Kavra v. Health Ins. Innovations, Inc.*,
2018 WL 4611215 (M.D. Fla. Feb. 6, 2018) .................................... 7, 8, 9

*Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*,
No. 1:02-cv-05893 (N.D. Ill.) .................................................................. 11

*Rosenblum v. Primo Brands Corp.*,
No. 3:25-cv-01902 (D. Conn.) .................................................................. 7

4916-2642-8294.v1

**Page**

**STATUTES, RULES, AND REGULATIONS**

15 U.S.C.
§77k ............................................................................................................... 1
§77l(a)(2) ...................................................................................................... 1
§77o ............................................................................................................... 1
§77z-1 .................................................................................... *passim*
§77z-1(a)(3)(B) ............................................................................................ 2
§77z-1(a)(3)(B)(i) ........................................................................................ 1
§78j(b) ........................................................................................................... 1
§77t(a) ........................................................................................................... 1
§78u-4 ...................................................................................... 1, 2, 6
§78u-4(a)(1) ................................................................................................. 6
§78u-4(a)(3)(A)(i) ...................................................................................... 6
§78u-4(a)(3)(B) ........................................................................................... 2
§78u-4(a)(3)(B)(i) ....................................................................................... 2
§78u-4(a)(3)(B)(iii) ................................................................................ 2, 7
§78u-4(a)(3)(B)(iii)(I)(cc) ...................................................................... 8
§78u-4(a)(3)(B)(v) ................................................................................... 10
§78u4(a)(3)(B)(i) ........................................................................................ 1

Local Rules of the United States District Court for the
   Middle District of Florida
   Local Rule 3.01(g) .................................................................................... 1

Federal Rules of Civil Procedure
   Rule 23 ................................................................................... 7, 8, 10
   Rule 23(a)(3)-(4) ........................................................................................ 9

4916-2642-8294.v1

## MOTION

Proposed Lead Plaintiff Heavy & General Laborers' Locals 472 & 172 Pension & Annuity Funds and Providence Employees Retirement System's (collectively, the "Funds and ERS") hereby move this Court for an Order appointing the Funds and ERS as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4 and 15 U.S.C. §77z-1, and approving the Funds and ERS' selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel.[1]

## I.    INTRODUCTION

Presently pending in this Court is a class action lawsuit alleging violations of §11, §12(a)(2), and §15 of the Securities Act of 1933 ("1933 Act") and §10(b) and §20(a) of the Securities Exchange Act of 1934 ("1934 Act") on

---

[1]    The Funds and ERS' counsel is aware of Local Rule 3.01(g), which requires a moving party's counsel to confer with the opposing party's counsel in a good faith effort to resolve the issues raised by the motion. However, because the PSLRA permits any "purported class member . . . including any motion by a class member who is not individually named as a plaintiff in the complaint" to file a motion for appointment as lead plaintiff, 15 U.S.C. §78u4(a)(3)(B)(i) and 15 U.S.C. §77z-1(a)(3)(B)(i), the Funds and ERS cannot ascertain whether any other parties will also seek appointment as lead plaintiff until after the deadline expires on January 12, 2026. Accordingly, the Funds and ERS' counsel respectfully requests that compliance with Local Rule 3.01(g) be waived in this instance due to the fact that the Funds and ERS cannot confer with unknown movants.

4916-2642-8294.v1

behalf of: (i) all persons and entities that purchased Primo Brands Corporation ("Primo Brands" or the "Company") common stock pursuant, or traceable, or both, to Primo Brands' March 2025 secondary public offering (the "SPO"); and/or (ii) all persons who purchased or otherwise acquired: (a) the common stock of Primo Water Corp. between June 17, 2024 through November 8, 2024, inclusive, and/or (b) the common stock of Primo Brands between November 11, 2024 through November 6, 2025, inclusive (the "Class Period").[2] Pursuant to the PSLRA, the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).

The Funds and ERS should be appointed as lead plaintiff because they: (1) timely filed this Motion; (2) have a substantial financial interest in the outcome of this litigation; and (3) have claims that are typical of the claims of the class and will fairly and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, the Funds and ERS' selection of

---

[2] The PSLRA amended the 1933 and 1934 Acts in substantially similar ways, particularly as to the lead plaintiff provisions. *Compare* 15 U.S.C. §77z-1(a)(3)(B) *with* 15 U.S.C. §78u-4(a)(3)(B). For simplicity, only the 1934 Act is cited herein.

- 2 -

4916-2642-8294.v1

Robbins Geller as lead counsel should be approved because the Firm is well-experienced in litigating securities class actions like this case and will adequately represent the interests of all class members.  Accordingly, the Funds and ERS' Motion should be granted.

## II.   FACTUAL BACKGROUND

Primo Brands is a branded beverage distribution company.  According to the complaint, on June 17, 2024, Primo Water issued a press release to announce that it had agreed to merge with BlueTriton Brands, Inc. in an all-stock transaction to create Primo Brands (the "Merger"), which was purported to be "a leading North American pure-play healthy hydration company."  ECF 1 at ¶6.  In the press release announcing the Merger, Primo Water touted that "[i]ncreased presence, [a] leading portfolio of iconic brands, diversified product offerings and enhanced distribution capabilities position the combined company for sustained long-term growth."  *Id.*  On November 8, 2024, after markets closed, Primo Water issued a press release announcing that the Merger had closed.  In the press release, BlueTriton's Chairman of the Board of Directors, C. Dean Metropoulos, claimed that Primo Brands had "a clear strategy to accelerate growth driven by the strong demand for branded beverages and

- 3 -

healthy hydration that continues to expand across all high-growth channels[.]" *Id.* at ¶8.

The complaint alleges that during the Class Period and in the SPO materials, Primo Brands assured investors that integration of the merged companies was progressing well and would result in the Merger providing financial growth, meaningful synergies, and significant operational efficiencies. For example, on February 20, 2025, former Company Chief Executive Officer ("CEO") Robbert Rietbroek claimed that "[w]e're really looking at the business as, one, go-to-market system now." *Id.* at ¶9.

The complaint further alleges that, throughout the Class Period and in the SPO materials, defendants misled investors about Primo Brands' prospects as a combined company and the Company's integration progress, by failing to disclose that: (i) from the outset of the Merger, Primo Brands' direct delivery business, including ReadyRefresh, experienced serious operational disruptions that prevented the Company from executing the most basic operational tasks; (ii) Primo Brands experienced significant, ongoing, self-inflicted execution challenges integrating Primo Water and BlueTriton; (iii) the disruptions in the direct delivery business and execution challenges imperiled Primo Brands' integration plan; (iv) in turn, Primo Brands was unable to effectively serve its

- 4 -

4916-2642-8294.v1

customers, particularly in its direct delivery business; (v) due to the foregoing, Primo Brands' business and operations were negatively impacted; and (vi) as a result of the above, defendants' positive statements about the Company's business, operations, and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times. *Id.* at ¶10.

The complaint alleges that the truth began to emerge before markets opened on August 7, 2025, when Primo Brands reported revenue of $1.730 billion and adjusted diluted earnings per share ("EPS") of $0.36 for the second quarter of 2025, both of which fell short of analysts' estimates. *Id*. at ¶11. Primo Brands also reduced both its full year 2025 net sales growth guidance to 0% to 1% (from 3% to 5%) and full year 2025 adjusted earnings before interest, taxes, depreciation, and amortization ("EBITDA") guidance to $1.485 billion to $1.515 billion (from $1.6 billion to $1.628). *Id.* Rietbroek attributed the poor second quarter results to, among other factors, "service issues during the accelerated integration process" and disclosed that the guidance reductions were "[d]ue to these integration disruptions during the later part of Q2, and our reinvestment to correct the issues." *Id.* at ¶12. On this news, Primo Brands stock fell $2.41 per share, or about 9%, to close at $24.00 per share on August 7, 2025. *Id.* at ¶13.

- 5 -

Before markets opened on November 6, 2025, Primo Brands disclosed that it was again reducing its full year 2025 sales growth and adjusted EBITDA guidance, as the Company now expected a "net sales decline in the low single digits versus the prior year" and adjusted EBITDA of "approximately $1.45 billion" at the midpoint. On the same day, Primo Brands revealed that Rietbroek had been replaced as Primo Brands' CEO by Eric Foss. During the corresponding earnings call, Foss described the direct delivery disruptions to be "self-inflicted," with "the ultimate output" being "customer service issues." *Id.* at ¶14. On this news, Primo Brands stock fell $4.96 per share, or more than 21%, to close at $17.70 per share on November 6, 2025. *Id.* at ¶15.

## III.    ARGUMENT

### A.    The Funds and ERS Should Be Appointed Lead Plaintiff

The PSLRA establishes a procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-

- 6 -

4916-2642-8294.v1

4(a)(3)(A)(i).   Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that –

> (aa) has either filed the complaint or made a motion in response to a notice . . .;

> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *Kavra v. Health Ins. Innovations, Inc.*, 2018 WL 4611215, at *2 (M.D. Fla. Feb. 6, 2018).  The Funds and ERS meet these requirements and should therefore be appointed Lead Plaintiff.

### 1.   This Motion Is Timely

The November 12, 2025, statutory notice published in connection with the filing of the first-filed complaint advised purported class members of the pendency of the action, the claims asserted, the proposed Class Period, and the right to move the Court for appointment as lead plaintiff by January 12, 2026.[3] *See* Declaration of Robert J. Robbins in Support of Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Robbins Decl."), Ex. A. The plaintiff in this action also caused a notice to be published informing

---

[3]   The first-filed action, *Rosenblum v. Primo Brands Corp.*, No. 3:25-cv-01902 (D. Conn.), was voluntarily dismissed on January 7, 2026.

- 7 -

investors of the right to seek appointment as lead plaintiff in this Court by January 12, 2026. *See* Robbins Decl., Ex. B. Because the Funds and ERS' motion has been timely filed, they are eligible for appointment as lead plaintiff.

### 2. The Funds and ERS Have the Largest Financial Interest in the Relief Sought by the Class

As evidenced by their Certifications and loss chart, the Funds and ERS purchased 59,650 shares of Primo Brands stock during the Class Period and suffered approximately $711,948 in losses as a result of defendants' alleged misconduct. *See* Robbins Decl., Exs. C, D. To the best of their counsel's knowledge, there are no other named plaintiffs with a larger financial interest. Therefore, the Funds and ERS satisfy the PSLRA's prerequisite of having the largest financial interest.

### 3. The Funds and ERS Otherwise Satisfy the Rule 23 Typicality and Adequacy Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). "At the lead plaintiff selection stage, however, the Court need only find that [the Funds and ERS'] claims are typical and adequate." *Kavra*, 2018 WL 4611215, at *3. Rule 23 requires that "the claims or defenses of the representative parties are

4916-2642-8294.v1

typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4).

"Typicality measures whether a sufficient nexus exists between the claims of the proposed lead plaintiff and those of the class at large." *Kavra*, 2018 WL 4611215, at *3 (cleaned up). Here, the Funds and ERS acquired Primo Brands shares during the Class Period at prices alleged to be artificially inflated by defendants' materially false and misleading statements, were adversely affected by defendants' alleged misrepresentations, and suffered damages as a result of defendants' alleged misconduct. Thus, the Funds and ERS' claims appear identical to those of the other class members.

"Adequacy of representation is primarily based on the forthrightness and vigor with which the proposed lead plaintiff can be expected to assert and defend the interests of the class and whether his interests are antagonistic to those of the rest of the class." *Id.* (cleaned up). As evidenced by the injuries suffered, the Funds and ERS' interests are clearly aligned with those of class members and there is no evidence of any antagonism between these respective interests. The Funds and ERS have also evidenced their willingness to serve as lead plaintiff in this case as well as their ability to control the litigation. *See*

- 9 -

Robbins Decl., Ex. D.  In addition, the Funds and ERS' proposed counsel are highly qualified, experienced, and able to conduct this complex litigation in a professional manner.  *See* §III.B. *infra*.  The Funds and ERS have therefore made the *prima facie* showing of typicality and adequacy required by Rule 23 at this stage.

**B.    The Court Should Approve the Funds and ERS'
Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Funds and ERS have selected Robbins Geller to serve as lead counsel.

Robbins Geller, a 200-attorney nationwide law firm, specializes in complex securities litigation.[4]  The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.  Courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action

---

[4]   For a detailed description of Robbins Geller's track record, resources, and attorneys, please *see* https://www.rgrdlaw.com.  A paper copy of the Firm's resume is available upon the Court's request, if preferred.

4916-2642-8294.v1

securities cases. *See, e.g.*, *In re Enron Corp. Sec.*, *Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (commenting that the "experience, ability, and reputation" of the attorneys with Robbins Geller "is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country"). Notably, Robbins Geller attorneys have obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits.[5]

Based upon counsel's extensive experience and proven track record in securities class actions, the Funds and ERS' selection of counsel should be approved.

---

[5]   *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

4916-2642-8294.v1

## IV.  CONCLUSION

The Funds and ERS satisfy each of the PSLRA's requirements for appointment as lead plaintiff.  Accordingly, the Funds and ERS respectfully request that the Court grant their motion for appointment as lead plaintiff and approve their selection of counsel.

DATED:  January 12, 2026

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
ROBERT J. ROBBINS
Florida Bar No. 0572233

s/ Robert J. Robbins
ROBERT J. ROBBINS

225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
Telephone:  561/750-3000
rrobbins@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
KENNETH P. DOLITSKY
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

- 12 -

4916-2642-8294.v1

Proposed Lead Counsel for Proposed
Lead Plaintiff

- 13 -

4916-2642-8294.v1