UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

| | | |
|---|---|---|
| CITY OF MIAMI FIRE FIGHTERS' AND POLICE OFFICERS' RETIREMENT TRUST, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) | No. 8:25-cv-03328-JLB-AAS <br><br> <u>CLASS ACTION</u> <br><br> THE FUNDS AND ERS' MEMORANDUM OF LAW IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS |
|            Plaintiff, | ) ) ) | |
|    vs. | ) ) | |
| PRIMO BRANDS CORPORATION, et al., | ) ) ) | |
|            Defendants. | ) ) | |

4912-8669-2747

Proposed Lead Plaintiff Heavy & General Laborers' Locals 472 & 172 Pension & Annuity Funds and Providence Employees Retirement System (collectively, the "Funds and ERS") respectfully submit this Memorandum of Law in Opposition to Competing Lead Plaintiff Motions, and state:

## I.    INTRODUCTION

On January 12, 2026, the Funds and GERs filed their motion seeking appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). *See* ECF 16. Competing motions were filed by: (1) City of Miami Fire Fighters' and Police Officers' Retirement Trust, City of Orlando Firefighters' Pension Fund, and City of Orlando Police Officers' Pension Fund (collectively, the "Florida Safety Funds"); and (2) Hampton Roads Shipping Association - International Longshoremen's Association ("HRSA-ILA"). *See* ECF 12, 15.

Based on the information contained in all the movants' motions, it is clear that only the Funds and ERS trigger the PSLRA's most adequate plaintiff presumption because they suffered the largest loss and otherwise satisfy Rule 23's adequacy and typicality requirements. *See* 15 U.S.C. §78u-

- 1 -

4912-8669-2747

4(a)(3)(B)(iii)(I).[1]  Moreover, no other movant can provide the required proof to rebut the presumption that favors appointment of the Funds and ERS as lead plaintiff.  As such, the Funds and ERS' motion should be granted and the competing motions should be denied.

## II.   ARGUMENT

### A.   Only the Funds and ERS Trigger the Most Adequate Plaintiff Presumption

When appointing a lead plaintiff, the Court is to appoint the "most adequate plaintiff," which is the member or members of the purported plaintiff class that "the Court 'determines to be most capable of adequately representing the interests of class members.'"  *Johnson v. Luminar Techs., Inc.*, 2023 WL 5619307, at *1 (M.D. Fla. Aug. 29, 2023) (quoting 15 U.S.C. §78u-4(a)(3)(B)(i)-(ii)).  "In making this determination, the Court is guided by a presumption that the most adequate plaintiff is the party who (a) filed the Complaint or made a motion to serve as lead plaintiff, (b) has the largest financial interest in the relief sought by the class, and (c) otherwise satisfies

---

[1]  The PSLRA amended the Securities Act of 1933 and the Securities Exchange of 1934 in substantially similar ways, particularly as to the lead plaintiff provisions.  *Compare* 15 U.S.C. §77z-1(a)(3)(B) *with* 15 U.S.C. §78u-4(a)(3)(B).  For simplicity, only the 1934 Act is cited herein.

4912-8669-2747

the requirements of Rule 23 of the Federal Rules of Civil Procedure."
*Mulvaney v. The GEO Grp., Inc.*, 2016 WL 10519276, at *1 (S.D. Fla. Nov.
21, 2016). "This presumption may be rebutted by proof that the presumptively
most adequate plaintiff 'will not fairly and adequately protect the interests of
the class' or 'is subject to unique defenses that render such plaintiff incapable
of adequately representing the class.'"   *Id*. (quoting 15 U.S.C. §78u-
4(a)(3)(B)(iii)(II)).

Pursuant to the statutory criteria, there is no dispute that the Funds and
ERS possess the "largest financial interest" in this litigation (*see Johnson*,
2023 WL 5619307, at *2 (looking to estimated loss as proxy for financial
interest)):

| Movant | Estimated Loss |
|---|---|
| **Funds and ERS** | **$711,948** |
| Florida Safety Funds | $573,290 |
| HRSA-ILA | $419,003 |

*See* ECF 13-2, 13-3, 15-2, 15-3, 17-3, 17-4.  Because the Funds and ERS
possess the greatest financial interest, the PSLRA instructs the Court to
determine whether they satisfy the Rule 23 typicality and adequacy
requirements.

- 3 -

"[A]t the lead plaintiff selection stage, all that is required is a preliminary showing that the lead plaintiff's claims are typical and adequate." *Mulvaney*, 2016 WL 10519276, at *2. As evidenced by the Funds and ERS' Certifications and Joint Declaration filed along with their motion, the Funds and ERS have clearly evidenced that they are both typical and adequate of the putative class here. *See* ECF 16 at 8-10; ECF 17-3, 17-5. For example, the Funds and ERS: (a) purchased Primo Brands Corporation securities during the Class Period and suffered substantial losses; (b) understand the obligations and fiduciary responsibilities owed to the class as the lead plaintiff; and (c) are willing to work cooperatively together to serve as representatives of the class, including providing testimony at depositions and trial (if necessary). *See id.* Further, the Funds and ERS' adequacy is bolstered by their selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller"), a firm with vast experience litigating complex securities class actions, including in this District, as lead counsel. *See* ECF 16 at 10-11.

Because the Funds and ERS clearly possess the largest financial interest and satisfy Rule 23's requirements, they are presumptively the "most adequate plaintiff."

- 4 -

**B.     The Competing Movants are Unable to Rebut the Presumption that the Funds and ERS Are the Most Adequate Plaintiff**

The presumptive lead plaintiff – the Funds and ERS – must be appointed unless competing movants ***prove*** that the presumptive lead plaintiff does not satisfy the typicality and adequacy requirements of Rule 23. Stated differently, "'the question ***is not*** whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair [] and adequate []' job.'" *Miller v. Dyadic Int'l, Inc.*, 2008 WL 2465286, at *7 (S.D. Fla. Apr. 18, 2008) (emphasis in original) (citations omitted). Here, there will be no such proof.

Consequently, the Funds and ERS' motion for appointment as lead plaintiff and approval of selection of counsel should be granted, and the competing motions should be denied.

## III.     CONCLUSION

The Funds and ERS possess the largest financial interest in the relief sought by the class. In addition, the Funds and ERS meet the requirements of typicality and adequacy, and the competing movants are unable to rebut the presumption which lies in favor of the Funds and ERS. As a result, the Funds

- 5 -

4912-8669-2747

and ERS respectfully request that this Court enter an order: (1) appointing Funds and ERS to serve as Lead Plaintiff; (2) approving the Funds and ERS' selection of Robbins Geller as Lead Counsel; and (3) denying the competing motions for appointment as lead plaintiff.

DATED:  January 26, 2026      Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
ROBERT J. ROBBINS
Florida Bar No. 0572233


s/ Robert J. Robbins
ROBERT J. ROBBINS

225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
Telephone:  561/750-3000
rrobbins@rgrdlaw.com

ROBBINS GELLER RUDMAN
      & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
KENNETH P. DOLITSKY
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed
Lead Plaintiff

4912-8669-2747